IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:

KETSY M. CABREJA OTERO,

   Plaintiffs,

  vs.

WALMART STORES EAST, LP,

   Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, and hereby sues, Defendants and alleges as follows:

1. This is an action for damages in excess of fifteen thousand ($15,000.00) dollars yet is uncertain whether it exceeds $75,000.

2. The Plaintiff is a resident of Miami-Dade and, at all times material hereto, was and is sui juris.

3. The Defendant is a Foreign Limited Partnership and is subject to the jurisdiction of this Court.

## COUNT I – NEGLIGENCE

4. The Plaintiff incorporates all of the allegations contained in Paragraphs 1-3 above as if fully set forth herein.

5. On or about October 15, 2017, the Defendant owned, maintained, and/or operated the Walmart Supercenter located at or near 1499 South Dixie Highway, Homestead, Florida 33033 which is hereinafter referred to as "the premises".

6. At that time and place, the Plaintiff went onto said premises as a business invitee and thereupon was caused to be injured by slipping on a wet/slippery debris that

was negligently allowed to remain on the ground.

7. Defendant by or through its agents or servants (the negligence of which they are liable for), negligently caused Plaintiff to fall by performing or failing to perform one or more of the following acts:

A. By carelessly and negligently failing to maintain the grounds on its premises in a reasonably safe condition, Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

B. By failing to correct a dangerous condition of which it knew or should have known by the use of reasonable care, to wit: a slipping hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

C. By negligently failing to warn the Plaintiff of a dangerous condition (a slipping hazard to patrons who were ambulating on said premises) concerning which Defendant had, or should have had, greater knowledge than that of the Plaintiff.

D. Defendant created a dangerous condition, to wit: a slipping and falling hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff;

E. The condition occurred with such regularity that Defendant knew or should have known of its existence.

8. As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in 7(A-E), as aforesaid, the Plaintiff, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity

for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant costs of this action, and such other further equitable and legal relief as this Court may deem appropriate, and furthermore demand trial by jury of all issues so triable as of right by jury.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served together with a Request for Production, Interrogatories, and Summons.

> WOLFSON LAW FIRM, LLP
> Attorneys for Plaintiff
> 3399 S.W. 3rd Avenue
> Miami, FL 33145
> Telephone (305) 285-1115
> Facsimile (305) 285-1608
> EService3@wolfsonlawfirm.com
> Ffaccidomo@wolfsonlawfirm.com
>
> /s/ Frances Faccidomo
> By: _____
> FRANCES FACCIDOMO ESQ.
> FLA BAR NO. 653659

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

KETSY M. CABREJA ORTERO,

    Plaintiff,

CASE NO. 2020-004456-CA-01

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

TO: Frances Faccidomo, Esq.
    Wolfson Law Firm, LLP
    3399 SW 3rd Ave.
    Miami, FL 33145

**PLEASE TAKE NOTICE** that on November 6, 2020, Defendant, Wal-Mart Stores East, LP, in the above titled action filed a Notice of Removal, a copy of which is attached hereto, of the above-titled action to the United States District Court for the Southern District of Florida, Miami Division.

You are also advised that Wal-Mart Stores East, LP, on filing such Notice of Removal in the office of the Clerk of the United States District Court for the Southern District of Florida, Miami Division, also filed copies thereof with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to effect removal pursuant to 28 U.S.C.§1446(d).

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by e-portal and e-served this 6th day of November, 2020 to: Frances Faccidomo, Esq. *Attorney for Plaintiff,* Wolfson Law Firm, LLP, 3399 SW 3rd Ave., Miami, FL 33145 at eservice3@wolfsonlawfirm.com, Ffaccidomo@wolfsonlawfirm.com.

      Respectfully submitted,

By:   /s/ *Reginald J. Clyne*
      Reginald J. Clyne, Esq.
      Florida Bar No.: 654302
      Sophia R. Ward, Esq.
      Florida Bar No.: 86139
      Dakeitha S. Haynes, Esq.
      Florida Bar No.: 1002429
      **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
      *Attorneys for Defendant*
      9300 S. Dadeland Blvd., 4th Floor
      Miami, FL 33156
      Tel: (305) 670-1101
      Fax: (305) 670-1161
      Email: rclyne.pleadings@qpwblaw.com
             sophia.ward@qpwblaw.com
             Dakeitha.haynes@qpwblaw.com
             gcastro@qpwblaw.com
             Stephanie.clavijo@qpwblaw.com